**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH**

JI' HAAD AMORE HARRISON,      )
                                    )
            Petitioner,      )   Civil Action No. 2:22-cv-01453
                                    )
    vs.                     )
                                    )   United States Magistrate Judge
SUPERINTENDENT LONNIE J. OLIVER,   )   Cynthia Reed Eddy
and DISTRICT ATTORNEY OF MERCER   )
COUNTY,                        )
                                    )
            Respondents.    )

**MEMORANDUM OPINION[1]**

**CYNTHIA REED EDDY,** United States Magistrate Judge

Pending before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed pro se by Ji'Haad Amore Harrison ("Petitioner" or "Harrison"), a state prisoner in the custody of the Pennsylvania Department of Corrections. (ECF No. 4). Harrison is challenging the December 16, 2019, Judgment of Sentence imposed by the Court of Common Pleas of Mercer County at Criminal Case No. CP-43-CR-0000107-2019. For the reasons below, the Court will deny the Petition and will deny a certificate of appealability as to each claim.

## I. Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state court judgment. It permits a federal court to grant a state prisoner the writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution . . . of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. *See* ECF Nos. 42 and 43.

in a federal habeas action.  *Id.*; see, *e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Indeed, the Court is bound by the state courts' determinations of state law.  *See, e.g.*, *Priester v. Vaughn*, 382 F.3d 394, 402 (3d Cir. 2004) ("Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions'.") (quoting *Estelle*, 502 U.S. at 67-68).

It is Petitioner's burden to establish entitlement to the writ.  28 U.S.C. § 2254(a)*; see, e.g.*, *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017). There are other prerequisites that Petitioner must satisfy before habeas relief is appropriate.  For example, the burden imposed on Petitioner by the standard of review enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (which is discussed below).  But, ultimately, Petitioner cannot receive federal habeas relief unless it is established that Petitioner is in custody in violation of federal constitutional rights. 28 U.S.C. § 2254(a); *see, e.g.*, *Vickers,* 858 F.3d at 849.

## II.    Relevant and Procedural Background[2]

Petitioner entered into a negotiated guilty plea, which contained the following terms:  (1) Harrison would plead guilty to one count each of rape, aggravated assault, strangulation, kidnapping, and robbery and three counts of involuntary deviate sexual intercourse filed at Criminal Case No. CP-43-CR-0000107-2019; (2) Harrison agreed to pay restitution to the victim amounting to $229.00; (3) Harrison agreed to pay jointly and severally with any codefendant restitution to the victim in Criminal Case No. CP-43-CR-0000924-2019; (4) Harrison would be

---

[2]      The factual background is taken from the Memorandum of the Superior Court filed on February 28, 2022, affirming the denial of Petitioner's PCRA Petition.  (ECF No. 7-33). Respondents electronically filed as exhibits to their Answer (ECF No. 7) relevant parts of the state court record.  For ease of reference, the Court uses the page numbers from the CM/ECF header. The Guilty Plea and Sentence Transcripts and the PCRA Hearing Transcript are filed at ECF No. 47. Petitioner filed a Motion seeking sanctions against Respondents because these transcripts were not attached to the Response.  (ECF No. 48).  This motion is **DENIED** as the transcripts have been filed and Respondents have provided Petitioner with a copy of same.

sentenced to no less than twenty nor more than fifty years, to run concurrent to any outstanding sentence; and (5) other charges against Harrison, as well as charges arising from an incident involving drugs at the Mercer County Jail, would be *noll prossed*.  Guilty Plea and Sentencing Transcript (ECF No. 47-1).  Pursuant to this agreement, on December 16, 2019, Petitioner pled guilty and was sentenced.  No post-sentencing motions or a direct appeal were filed.

On September 11, 2020, Harrison, pro se, timely petitioned for relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), then filed an amended pro se PCRA petition on May 3, 2021.  Attorney J. Rex Barnett was appointed as PCRA counsel.  An evidentiary hearing took placed on June 4, 2021, at which Harrison's trial counsel and Harrison both testified.  At the conclusion of the evidentiary hearing, the PCRA court made credibility determinations and denied the PCRA petition.  (ECF No. 47-2). Harrison, through counsel, timely filed a Notice of Appeal.  On February 28, 2022, the Superior Court affirmed the denial of the PCRA petition. *Commonwealth v. Harrison*, No. 728 WDA 2021 (Super. Ct. Feb. 28, 2022) (ECF No. 7-33).  Harrison's Petition for Allowance of Appeal was denied by the Pennsylvania Supreme Court on August 23, 2022. (ECF No. 7-35).

On September 15, 2022, Harrison filed a second PCRA Petition; on September 21, 2022, Harrison submitted an amended petition.  Prior to the PCRA Court ruling on the second PCRA Petition, on October 22, 2022, Harrison filed the instant federal petition for habeas relief under 28 U.S.C. § 2254.  Then, while the instant federal Petition was pending, Harrison filed a third PCRA Petition on November 10, 2022.  The instant case was stayed and administratively closed pending Harrison's exhaustion of the claims in state court.

The PCRA Court dismissed both the second and third PCRA Petitions on September 29, 2023, finding both to be untimely and without merit.  (ECF No. 32-3).  With no appeals being

taken to the dismissal of the second and third PCRA Petitions, the instant federal habeas case was reopened on November 11, 2023. (ECF No. 38).  The matter is now ripe for disposition.

## III.    The Standard for Habeas Relief Under 28 U.S.C. § 2254

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011).  Federal courts reviewing habeas corpus petitions "must be vigilant and independent . . . a commitment that entails substantial judicial resources." *Id.*  This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by AEDPA, "which imposes significant procedural and substantive limitations on the scope" of the Court's review.  *Wilkerson v. Superintendent Fayette SCI*, 871 F.3d 221, 227 (3d Cir. 2017).

A finding of fact made by a state court, including credibility determinations, always has been afforded considerable deference in a federal habeas proceeding.  *Vickers*, 858 F.3d at 850 (even in pre-AEDPA cases, " 'federal habeas courts [had] no license to redetermine credibility of witnesses who demeanor ha[d] been observed by the state trial court, but not by them' ") (quoting *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)).  AEDPA continued that deference and mandates that "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1).  Petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." *Id*.

AEDPA also put into place a new standard of review, which is codified at 28 U.S.C. § 2254(d). It applies to any federal habeas claim "that was adjudicated on the merits" by the state

courts[3] and it prohibits a federal habeas court from granting relief unless the petitioner established

that the Superior Court's "adjudication of the claim":

> was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Becker v. Sec'y Pennsylvania Dep't of Corr.*, 28 F.4th 459, 460 (3d Cir. 2022) (quoting 28 U.S.C.

§ 2254(d)).  For the purposes of § 2254(d), a claim has been "adjudicated on the merits in State

court proceedings" when the state court made a decision that finally resolves the claim based on

its substance, not on a procedural, or other, ground.  *See, e.g.*, *Richter*, 562 U.S. at 98-100;

*Robinson v. Beard*, 762 F.3d 316, 324 (3d Cir. 2014).

     If the Superior Court did not adjudicate a federal habeas claim on the merits, this Court

must determine whether the absence of an adjudication is because petitioner did not raise the claim

to the Superior Court and, as a result, it is now procedurally defaulted. If the claim is procedurally

defaulted, this Court should deny it for that reason.  If the claim is not defaulted, or if a petitioner

established grounds to excuse the default, the standard of review at § 2254(d) does not apply and

this Court reviews the claim *de novo*.  *See, e.g., Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

     Section 2254(d)(1) applies to questions of law and mixed questions of law and fact.  In

applying it, this Court's first task is to determine what law falls within the scope of the "clearly

established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. §

2254(d)(1).  "The clearly established law" is " 'the governing legal principle or principles set forth

by the Supreme Court at the time the state court renders its decision.' " *Dennis v. Sec'y,*

---

[3]    When applying § 2254(d), the federal habeas court considers the "last reasoned decision" of the state courts.  *Simmons v. Beard*, 590 F.3d 223, 231-32 (3d Cir. 2009) (quoting *Bond v. Beard*, 539 F.3d 256, 289-90 (3d Cir. 2008)); *Brown v. Sup't Greene SCI*, 834 F.3d 506, 512 (3d Cir. 2016).

*Pennsylvania Dep't of Corr.*, 834 F.3d 263, 280 (2016) (en banc) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (3d Cir. 2003)).

Once the "clearly established Federal law, as determined by the Supreme Court of the United States," is identified, this Court must determine whether the state court's adjudication of the claim at issue was "contrary to" that law. *Williams,* 529 U.S. at 404-05 (explaining that the "contrary to" and "unreasonable application of" clauses of § 2254(d)(1) have independent meaning). A state-court adjudication is contrary to clearly established Federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," *id.* at 405, or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Id.* at 406.

A "run-of-the-mill" state-court adjudication applying the correct legal rule from Supreme Court decisions to the facts of a particular case will not be "contrary to" Supreme Court precedent. *Id.* at 406. For that reason, the issue in most federal habeas cases is whether the adjudication by the state court survives review under the "unreasonable application" clause of § 2254(d)(1).

"A state court decision is an 'unreasonable application of federal law' if the state court 'identifies the correct governing legal principle,' but 'unreasonably applies that principle to the facts of the prisoner's case.' " *Dennis,* 834 F.3d at 281 (quoting *Williams*, 529 U.S. at 413). To satisfy the burden under this provision of AEDPA's standard of review, a petitioner must do more than convince this Court that the state court's decision was incorrect. *Id.* The petitioner must show that it "'was <u>objectively</u> unreasonable.'" *Id.* (quoting *Williams*, 529 U.S. at 409) (emphasis added by *Dennis*). This means that Harrison must prove that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law

6

beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.  As the Supreme

Court noted:

> It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *See Lockyer, supra*, at 75, 123 S. Ct. 1166. If this standard is difficult to meet, that is because it was meant to be.  As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin*, 518 U.S. 651, 664, 116 S. Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244).  It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no further.

*Id*. at 102.

The standard of review set forth at § 2254(d)(2) applies when a petitioner "challenges the

factual basis for" the state court's "decision rejecting a claim[.]"[4] *Burt v. Titlow*, 571 U.S. 12, 18

(2013).  "[A] state court decision is based on an 'unreasonable determination of the facts' if the

state court's factual findings are 'objectively unreasonable in light of the evidence presented in the

state-court proceeding,' which requires review of whether there was sufficient evidence to support

the state court's factual findings." *Dennis,* 834 F.3d at 281 (quoting § 2254(d)(2) and citing *Miller-*

*El v. Cockrell*, 537 U.S. 322, 340 (2003)).  "'[A] state-court factual determination is not

unreasonable merely because the federal habeas court would have reached a different conclusion

in the first instance.' " *Titlow*, 571 U.S. at 18 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010));

*see also Becker,* 28 F.4th at 464 (stating that "close calls - decisions upon which reasonable minds

---

[4]    Sections 2254(d)(2) and (e)(1) "express the same fundamental principle of deference to state court findings[,]" and federal habeas courts "have tended to lump the two provisions together as generally indicative of the deference AEDPA requires of state court factual determinations." *Lambert*, 387 F.3d at 235.  Our Court of Appeals has instructed that§ 2254(d)(2), when it applies, provides the "overarching standard" that a petitioner must overcome to receive habeas relief, while 2254(e)(1) applies to "specific factual determinations that were made by the state court, and that are subsidiary to the ultimate decision." *Id.*

might disagree – are essentially insulated from federal court reversal AEDPA, which requires federal judges to defer to the reasonable state trial court findings . . .).

When a habeas petitioner claims ineffective assistance of counsel, "review is 'doubly deferential,' because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'." *Woods v. Etherton*, 578 U.S. 113, 116 (2016) (quoting *Titlow*, 571 U.S. at 22).

Various standards must be met before the Court can review the merits of Harrison's habeas petition.

## IV.     **Procedural Benchmarks – Exhaustion and Procedural Default[5]**

### A.     <u>**Exhaustion of State Court Remedies**</u>

Among AEDPA's procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b).  The "exhaustion doctrine" requires that a state prisoner raise his federal constitutional claims in state court through the proper procedures before he litigates them in a federal habeas petition. *See, e.g.*, *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). It is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). It "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]" *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner must have "invoke[d] one complete round of the State's established appellate review process[,]" in order to satisfy the exhaustion

---

[5]     The undersigned agrees with Respondents that the instant federal habeas petition was timely filed pursuant to 28 U.S.C. § 2244(d)(1).

requirement. *Id.* In Pennsylvania, this requirement means that a petitioner in a non-capital case must have first presented every federal constitutional claim raised in his federal habeas petition to the Superior Court either on direct or PCRA appeal. *See, e.g., Lambert,* 387 F.3d at 233-34.[6]

## B.   Procedural Default

If a claim has not been fairly presented "to the state courts but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play." *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (citations omitted).   The doctrine of procedural default serves as a corollary to the exhaustion requirement and provides a basis for a federal court to refuse to review a habeas claim.   Federal courts may not consider the merits of a procedurally defaulted claim unless the petitioner can demonstrate "cause" to excuse the default and "actual prejudice resulting from the alleged constitutional violation."   *Preston v. Superintendent Graterford SCI,* 902 F.3d 365, 375  (3d Cir. 2018) (quoting *Davila v. Davis*, 582 U.S. 521, 528 (2017) (quoting *Wainwright v. Skyes*, 433 U.S. 72 (1977)).[7]   The burden lies with a petitioner to demonstrate circumstances that would excuse a procedural default.   *See Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002); *see also Coleman*, 501 U.S. at 750.

---

[6]    On May 9, 2000, the Supreme Court of Pennsylvania issued Order No. 218 declaring that federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement.  *In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases,* No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) (per curiam). The Court of Appeals for the Third Circuit has recognized the validity of this Order.  *See Lambert v. Blackwell,* 387 F.3d 210, 233-34 (3d Cir. 2004).

[7]    A petitioner, alternatively, can overcome a procedural default by demonstrating that the court's failure to review the defaulted claim will result in a "miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 748 (1991); *McCandless v. Vaughn*, 172 F.3d 225, 260 (3d Cir. 1999). "However, this exception is limited to a 'severely confined category [] [of] cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]'." *Preston v. Superintendent Graterford SCI,* 902 F.3d 365, 375 n.11 (3d Cir. 2018) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (internal alteration in original) (quoting *Schlup v. Delo*, 514 U.S. 298, 329 (1995)).

"Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted). To establish prejudice, a petitioner must show not merely that there were errors that created a possibility of prejudice, but that they "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Holland v. Horn*, 519 F.3d 107, 112 (3d Cir. 2008) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). If the petitioner has established grounds to excuse the default, the standard of review of §2254(d) does not apply and the federal court reviews the claim "de novo because the state court did not consider the claim on the merits." *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236 (3d Cir. 2017) (citation omitted). In any event, in all cases and whether or not the § 2254(d) standard of review applies, the state court's factual determinations are presumed to be correct under § 2254(e)(1) unless the petitioner rebuts that presumption by clear and convincing evidence. *Palmer v. Hendricks*, 592 F.3d 386, 392 (3d Cir. 2010); *Nara v. Frank*, 488 F.3d 187, 201 (3d Cir. 2007) ("the § 2254(e)(1) presumption of correctness applies regardless of whether there has been an 'adjudication on the merits' for purposes of § 2254(d).") (citing *Appel v. Horn,* 250 F.3d 203, 210 (3d Cir. 2001)).

## V.    Discussion

Harrison seeks federal review of the following four issues:

"GROUND ONE:  Did counsel violate Petitioner's 6th Amendment "Ineffective Assistance of Counsel:" By the following:  Was petitioner 14th Amendment violated when trial counsel advised Petitioner to plead guilt to criminal charges when all elements was not proven by the Commonwealth?" (Pet., p. 6)

"GROUND TWO:  Was Petitioner 14th Amendment violated when Trial Court accepted a guilty plea to charges that had no factual basis of a crime committed?" (*Id*., p. 13).

10

"GROUND THREE:  Does newly discovered evidence constitute a new trial or dismissal of all charges?" (*Id*., p. 15).

"GROUND FOUR:  How was Petitioner's 14th Amendment "due process" violated when he wasn't given transcripts or discovery during the appeal process?" (*Id*., p. 18)

The claims will be reviewed in turn.

## 1.  *Claim One*

Harrison's ineffective assistance of counsel claim was adjudicated on the merits by the Superior Court. Therefore, this Court's decision is governed by AEDPA's standard of review: whether the Superior Court's adjudication of the claim was contrary to, or involved an unreasonable application of clearly established law.  *See* 28 U.S.C. 2254(d)(1).  Whether a guilty plea is voluntary for purposes of the United States Constitution is a question of federal law, but the determination of the historical facts surrounding the plea is subject to the deferential "presumption of correctness" found in 28 U.S.C. § 2254(d).  *Marshall v. Lonberger*, 459 U.S. 422, 431 (1983); *see also Zilich*, 36 F.3d at 320.  Habeas petitioners challenging the knowing and voluntary nature of their guilty pleas face a heavy burden.  *Zilich v. Reid*, 36 F.3d 317, 320 (3d Cir. 1994).

The clearly established ineffective assistance of counsel standard as determined by the Supreme Court of the United States is as follows:

Ineffective assistance of counsel claims are "governed by the familiar two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 674 (1984)." *Shelton v. Carroll*, 464 F.3d 423, 438 (3d Cir. 2006) (citing *Wiggins v. Smith*, 539 U.S. 510, 521, (2003)). For AEDPA purposes, the *Strickland* test qualifies as "clearly established Federal law, as determined by the Supreme Court." *Williams [v. Taylor]*, 529 U.S. 362, 391 (2000)]. Under *Strickland*, a habeas petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different. 466 U.S. at 687. For the deficient performance prong, "[t]he proper measure of attorney performance remains simply

reasonableness under prevailing professional norms." *Id*. at 68. This review is deferential:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . .
>
> *Id*. at 689.
>
> Not every "error by counsel, even if professionally unreasonable, . . . warrant[s] setting aside the judgment of a criminal proceeding." *Id*. at 691. "Even if a defendant shows that particular errors of counsel were unreasonable, . . . the defendant must show that they actually had an adverse effect on the defense"; in other words, the habeas petitioner must show that he was prejudiced by counsel's deficient performance. *Id*. at 693. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In assessing an ineffective assistance of counsel claim, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding. . . . In every case the court should be concerned with  . . . the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Id*. at 696.

*Rainey v. Varner*, 603 F.3d 189, 197–98 (3d Cir. 2010).

When the state court has decided the claim on the merits, "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' " *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id*.

12

The Superior Court set forth the following ineffective assistance of counsel standards of review:

> [T]o succeed on an ineffectiveness claim, a petitioner must demonstrate: that the underlying claim is of arguable merit; counsel had no reasonable basis for the act or omission in question; and he suffered prejudice as a result[.]  ***Commonwealth v. Laird***, 119 A.3d 972, 978 (Pa. 2015) (citations omitted).  In this context, prejudice requires proof of a reasonable possibility that but for counsel's ineffectiveness, the outcome of the proceedings would have been different.  ***Id***.

> "[F]ailure to prove any of these prongs is sufficient to warrant dismissal of the claim without discussion of the other two."  Commonwealth v. Robinson, 877 A.2d 433, 439 (Pa. 205) (citation omitted). Counsel cannot be ineffective for failing to pursue a meritless claim. Commonwealth v. Tarver, 420 A.3d 438, 438 (Pa. 1980). Finally, we presume that counsel has rendered effective assistance.  ***See Commonwealth v. Treiber***, 121 A.3d 435, 45 (Pa. 2015).

Superior Court Memo., 2/28/2022, at 11-12.  The Court of Appeals for the Third Circuit previously has held that the ineffectiveness assistance of counsel test relied upon by the Superior Court is not contrary to the Supreme Court's *Strickland* standard.  *See Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000).

In evaluating trial counsel's effectiveness, the Superior Court focused on whether the underlying claim, the validity of the guilty plea, had arguable merit.  The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *North Carolina v. Alford,* 400 U.S. 25, 31 (1970).  A guilty plea may be constitutionally infirm if a defendant failed to understand the constitutional rights he was waiving by pleading guilty or had an incomplete understanding of the charges lodged against him.  *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976).  *See also Boykin v. Alabama*, 395 U.S. 238, 242 (1969) (nothing that plea must be made with "sufficient awareness of the relevant circumstances and likely consequences").  Significantly, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any

findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations made in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).

First, the Superior Court addressed and rejected Harrison's claim that "trial counsel did not investigate the facts of his case, provide him with discovery, discuss any trial strategy or defenses, or consider his mental health diagnosis as exculpatory or mitigating evidence." Superior Court Memo., at p. 12.  Harrison also argued that trial counsel "was focused on convincing him to plead guilty and did not attempt to locate additional witnesses, seek additional testing of the DNA evidence, or investigate the mental health and credibility of the victim." *Id.*

The Superior Court conducted an in depth analysis of the testimony adduced at the PCRA evidentiary hearing.  The Superior Court highlighted the testimony elicited by trial counsel at the PCRA evidentiary  hearing:

> He testified that he had been practicing law for over nine years and that approximately 55 to 60 percent of his practice was criminal.  He had represented between 700 to 900 criminal defendants had had tried one case to a jury.  He was appointed to Harrison's case in July 2019 and represented him through his plea and sentencing in December 2019.

> Trial counsel testified that he received the discovery packet after his appointment but he could not recall whether he picked it up from the district attorney's office or from the jail.  He said that a copy of the discovery was kept at the jail and  Harrison would have been able to review it through his counselor.  Prior counsel had told him that Harrison had already viewed the discovery.  He said that packet included the criminal complaint, photos and police reports, but he received the DNA report later.  He said that he does not provides of discovery to clients in jail, which was common practice for defense attorneys in the county.

> Trial counsel testified that he met with Harrison three or four times at the jail and five to seven times at various court dates.  He said that he reviewed all discovery with Harrison, including photos, police reports and the DNA report.  Harrison never told him that he did not see the discovery materials.  Trial counsel believed the negotiated plea was in Harrison's best interests based on the evidence against him and the severity of the charges. He said that is Harrison had been convicted and sentenced consecutively, he would have received an effective life sentence.

Trial counsel said that he believed Harrison understood the terms and consequences of the plea. He discussed mental health with Harrison during one of their meetings at the jail, but he did not think there were any issues that would require a motion or further examination. He said Harrison always appeared lucid and forthright. He explained various issues that could be appealed if they proceeded to trial, but did not discuss any appeal that would follow a plea. . . .

On cross-examination, trial counsel testified that he did not conduct any independent investigation other than reviewing the evidence in discovery. He knew that an investigator had been appointed and briefly spoke to prior counsel about the investigation. She told him that the investigator had not found anything of interest. He did not recall receiving a report from the investigator or whether he asked about the scope of the investigation.

On redirect, trial counsel testified that if Harrison had asked him to file an appeal, he was not certain he would have complied. He said that the plea was appropriate for the case and any appeal would have been frivolous. He did recall Harrison ever requesting an appeal and never told Harrison he would file an appeal following the plea.

Superior Court Memo., at pp. 7-10.

The Superior Court concluded that Harrison had not established or even argued that he was prejudiced by a lack of investigation or failure to pursue his mental health diagnoses as exculpatory or mitigation evidence. Superior Court Memo., at 13. Harrison presented no evidence that counsel should have uncovered something that would have changed the outcome. Further, Harrison did not explain how his mental health diagnoses could have successfully been used as exculpatory or mitigating evidence. The Superior Court concluded that Harrison was not entitled to relief as Harrison had not established that prejudice resulted from trial counsel's failure to pursue these avenues of defense. *Id*. at 13-14.

The Superior Court next turned to Harrison's argument that "trial counsel's ineffectiveness caused Harrison to enter an unknowing and involuntary plea." The Superior Court stated,

Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates a guilty plea colloquy was

15

conducted, during which it became evident that the defendant understood the nature
of the charges against him, the voluntariness of the plea is established.  A defendant
is bound by the statements he makes during his plea colloquy, and may not assert
grounds for withdrawing the plea that contradict statements made when he pled.

Superior Court Opinion, at 15 (quoting *Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa.

Super. 2001). The Superior Court found that the "record belies Harrison's assertion that he entered

his plea on trial counsel's promise to continue investigating the case through direct appeal and the

PCRA court did not err in denying relief on this claim." *Id*. at 16.

Review of the PCRA evidentiary hearing transcript reveals that the Superior Court

accurately depicted the testimony adduced at the hearing. The Court finds that the Superior Court

thoroughly reviewed the record and its finding that Harrison failed to demonstrate that counsel's

actions or inactions resulted in Harrison entering an unknowing, unintelligent, and involuntary

plea is a reasonable application of clearly established federal law.  Harrison wholly fails to rebut

the presumption of correctness of the facts garnered during both the guilty plea proceedings and

the PCRA evidentiary hearing with clear and convincing evidence.  The Superior Court's decision

is objectively reasonable in light of the evidence in state court and reflects a reasonable

determination of the facts.

Harrison also argues that the state courts erred in finding trial counsel credible.  The

Superior Court specifically noted that after receiving arguments at the evidentiary hearing, the

PCRA court made findings of fact, including that (i) trial counsel was entirely credible, (2)

Harrison was not credible in light of the statements Harrison made during the guilty plea colloquy,

and (3) the PCRA court did not believe Harrison's testimony that trial counsel told Harrison to

plead guilty and would continue the investigation on appeal.  Superior Court Op., at 10.  The

Superior Court noted that "[w]hile Harrison disputes trial counsel's version of events, we are

bound by the PCRA court's credibility determinations." *Id*. at 14.

16

Similarly, under AEDPA, the PCRA's court's credibility determinations are presumed to be correct." 28 U.S.C. § 2254(e)(1).  Harrison has the "burden of rebutting the presumption of correctness by clear and convincing evidence." The Court finds that Harrison has not met this burden.

Review of both the guilty plea/ sentencing hearing transcript and the PCRA evidentiary hearing transcript reveals that both the PCRA Court and the Superior Court accurately depicted what transpired during the guilty plea /sentencing hearing and the testimony adduced at the evidentiary hearing.  The Court finds that the Superior Court's decision is objectively reasonable in light of the evidence in state court and reflects a reasonable determination of the facts.

Based on the above, the Court concludes that the state court's determination that Harrison failed to demonstrate that counsel's actions or inactions resulted in Harrison entering a guilty plea unknowingly or involuntarily was neither contrary to, nor an unreasonable applicable of, clearly established federal law as determined by the Supreme Court.  Nor did it result in an unreasonable determination of the facts in light of the testimony elicited during the plea colloquy hearing and the PCRA evidentiary hearing.

2. *Claims Two, Three, and Four*

Respondents argue that claims Two, Three, and Four are procedurally defaulted as Harrison has never raised these issues with the state courts.  As noted above, the requirement that state courts must be given a full and fair opportunity to resolve factual constitutional claims before those claims are presented to the federal courts, mandates that the claim brought in federal court be the substantial equivalent of that presented to the state courts.

Although the exhaustion requirement is satisfied because there is an absence of available State corrective process, Claims Two, Three, and Four are procedurally defaulted and this Court

may not consider the merits unless Harrison establishes cause and prejudice or a fundamental miscarriage of justice to excuse the default. The Court has reviewed Harrison's filings and concludes that he has failed to identify some objective external factor which prevented Harrison from complying with the state's procedural rules in presenting these claims and Harrison does not demonstrate that a fundamental miscarriage of justice would occur if these claims are not reviewed. Federal review of Claims Two, Three and Four is, therefore foreclosed.

## VI.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. When the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. Applying those standards here, jurists of reason would not find it

debatable whether each of Harrison's claims should be denied.  The Court, therefore, will not issue a certificate of appealability on any of Harrison's claims.

**VII.     Conclusion**

For all these reasons, the Court will deny each of Harrison's habeas claims and will deny a certificate of appealability with respect to each claim.  An appropriate order follows.


Dated:  March 20, 2024                    BY THE COURT:


                                          s/Cynthia Reed Eddy_____
                                          Cynthia Reed Eddy
                                          United States Magistrate Judge



cc:     **JI' HAAD AMORE HARRISON**
        NA3893
        SCI-ALBION
        10745 ROUTE 18
        ALBION, PA 16475-0001
        (via U.S. First Class Mail)

        All Counsel of Record
        (via ECF electronic notification)