# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| JI'HAAD AMORE HARRISON,<br><br>    Petitioner,<br><br>vs.<br><br>SUPERINTENDENT LONNIE J. OLIVER, and DISTRICT ATTORNEY OF MERCER COUNTY,<br><br>    Respondents. | 2:22-cv-01453-CBB<br><br>Christopher B. Brown<br>United States Magistrate Judge |

**MEMORANDUM OPINION DENYING "MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED.R.CIV. RULE 60(b)" (ECF No. 55)**

Pending before the Court is Petitioner Ji'Haad Amore Harrison's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 55. For the reasons that follow, the motion will be transferred to the United States Court of Appeals for the Third Circuit for consideration as an application to file a successive petition as required under 28 U.S.C. § 2244(b)(3)(A).

## I. Background and Procedural History

On December 16, 2019, Harrison entered a negotiated plea of guilty to one count each of rape, aggravated assault, strangulation, kidnapping, and robbery and three counts of involuntary deviate sexual intercourse at Criminal Case No. CP-43-CR-0000107-2019 in the Court of Common Pleas of Mercer County, Pennsylvania. ECF No. 47-1. Immediately thereafter Harrison was sentenced to an aggregate sentence of no less than twenty nor more than fifty years. *Id*. No post-sentencing motions or a direct appeal were filed.

Harrison filed a timely petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"). Counsel was appointed and, after an evidentiary hearing at which Harrison's trial counsel and Harrison both testified, the PCRA court made credibility determinations and denied the PCRA Petition. ECF No. 47-2. The Superior Court affirmed the denial of the PCRA Petition, *Commonwealth v. Harrison*, No. 728 WDA 2021 (Super. Ct. Feb. 28, 2022), and the Supreme Court of Pennsylvania denied Harrison's petition for an allowance of an appeal. ECF Nos. 7-33 & 7-35.

After filing a second and third PCRA Petition, both of which were denied as untimely and without merit, Harrison brought a collateral attack before this Court pursuant to 28 U.S.C. § 2254. ECF No. 4. Harrison requested federal relief on four grounds: (1) ineffective assistance of counsel by inducing an involuntary plea; (2) wrongful acceptance of the trial court of his plea with no factual basis of a crime; (3) new evidence which would entitle Harrison to a new trial; and (4) due process violation because transcripts / discovery had been allegedly withheld from Harrison during the appeal process. *Id*. As relevant here, Harrison's third claim was vague and without any supportive evidence. Specifically, Harrison argued that the police Complaint and Affidavit of Probable Cause were false documents: "Police Complaint and Affidavit of Probable Cause is falsified documents and had 'no probable cause' to establish warrant; when the police never seen or investigated the crime scene. 'false police report.'" ECF No. 4, p. 15.

On March 20, 2024, United States Magistrate Judge Cynthia Reed Eddy denied Harrison's petition for writ of habeas corpus and entered judgment in favor of Respondents and against Harrison. ECF Nos. 49-51.[1] Applying the rules set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, Judge Eddy denied Claim 1, the ineffective assistance of counsel claim, finding that (1) the state court's determination was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court, and (2) nor did that determination result in an unreasonable determination of the facts in light of the testimony elicited during the plea colloquy hearing and the PCRA evidentiary hearing. ECF No. 49. As to the remaining three claims (Claims 2, 3, and 4), Judge Eddy found those claims to be procedurally defaulted as Harrison had never raised the claims with the state courts. *Id.* On June 27, 2024, the United States Court of Appeals for the Third Circuit denied Harrison a certificate of appealability as the "claims lack merit or are inexcusably procedurally defaulted." ECF No. 54.

After unsuccessfully returning to state court,[2] Harrison now returns to federal court. On July 26, 2024, Harrison filed the instant Rule 60(b) motion. ECF

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in the case, including entry of a final judgment. *See* ECF Nos. 42 and 43. This case was originally assigned to Magistrate Judge Cynthia Reed Eddy. Upon Judge Eddy's retirement, the case has been reassigned to this member of the Court.

[2] On April 24, 2024, Harrison filed a fourth PCRA Petition and for the first time attached an alleged statement by Carson Thompson-Smith claiming that he saw Harrison on the exact day and time of the incident. ECF No. 57-1. The

No. 55. Harrison moves to set aside the judgment dismissing his federal habeas petition asserting (1) that newly discovered facts show his "actual innocence" and (2) a "new United States Supreme Court decided case: *Jean Francis Pugin, Petitioner v. Merrick B. Garland*," decided June 22, 2023. Harrison asks this Court to "reverse plea of guilt and exonerate petitioner." *Id*. at p. 3.

Harrison's motion is far from a model of clarity. The basis for Harrison's claim of actual innocence appears to rest on the unverified April 6, 2024, statement of Carlson Thompson-Smith, which was attached to Harrison's April 24, 2024 PCRA petition, but was not attached to this motion. ECF No. 57-1.[3] As for the basis of the "new law" claim, Harrison cites to *Pugin v. Garland,* but does not argue that this case is a new rule of constitutional law, made retroactive to cases on collateral review.[4] *See* 28 U.S.C. § 2244(b)(1)(A).

---

Petition was dismissed by the PCRA court on May 21, 2024. ECF No. 57-2. On June 3, 2024, Harrison filed a fifth PCRA petition ECF No. 57-3. The PCRA Court dismissed this petition finding it lacked supporting arguments. *Id*. On July 5, 2024, Harrison filed a "Petition for Allowance of Appeal," (ECF No. 57-5), which the PCRA Court construed as a sixth PCRA petition and denied that petition on July 16, 2024. ECF No. 57-6. In dismissing the petition, the PCRA court found that "Defendant plead guilty to the charges and does not proffer that an averred eyewitness, not available prior to the entering of a guilty plea, would be supplying any exculpatory evidence." *Id*. A review of Harrison's state court criminal docket reflects that Harrison has appealed that dismissal, and as of today, his appeal is pending in the Pennsylvania Superior Court.

[3]  Harrison did not attach this witness statement to the Rule 60(b) motion; however, Harrison references the statement in the motion. ECF No. 55 at p.2. The Court takes judicial notice of this statement as it is an Exhibit attached to Respondents' response to the motion. ECF No. 57-1 at p.12.

[4]  In *Pugin*, the Supreme Court held that an offense may "relate to" obstruction of justice under the Immigration and Nationality Act's definition of an "aggravated

Respondents oppose the motion. ECF No. 57. They argue the actual innocence claim fails because Harrison does not address any of the four requirements under Pennsylvania law for newly discovered evidence. Respondents do not address Harrison's change of law argument. The matter is ripe for disposition.

## II.    The Pending Motion

Because this is a federal habeas action, the Court must initially determine whether Harrison's petition is actually an unauthorized second or successive petition or whether it is a true Rule 60(b) motion. In the habeas context, a motion labeled as a Rule 60(b) motion should be treated as a second or successive petition if it "seeks to add a new ground for relief" from the underlying conviction or "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Conversely, the motion should be properly treated as a Rule 60(b) motion when it "attacks, not the substance of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.*; *see Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) ("[I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits."). Harrison may not circumvent AEDPA's rules

---

felony," 8 U.S.C. § 1101(a)(43)(S), even if the offense does not require that an investigation or proceeding be pending.

by couching an unauthorized second or successive habeas petition as a motion under Rule 60(b).

## III. Federal Rule of Civil Procedure 60(b)

At issue here is the interplay between Rule 60(b) and AEDPA. Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez*, 545 U.S. at 528.

In the habeas context, a motion labeled as a Rule 60(b) motion should be treated as a second or successive petition if it "seeks to add a new ground for relief" from the underlying conviction or "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532. AEDPA mandates that before a petitioner may file a second or successive habeas corpus petition under 28 U.S.C. § 2254 challenging the same judgment of sentence that the petitioner previously challenged in federal habeas, the petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9 of the Rules Governing Section 2254 cases. Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244(b)(2)'s substantive requirements. *See* 28 U.S.C. § 2244(3)(B). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction

over habeas petitions that are second or successive filings. *See, e.g., Burton v. Stewart,* 549 U.S. 147 (2007).

As noted previously, however, the motion is properly treated as a "true" Rule 60(b) motion when it "attacks, not the substance of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S at 532; *see Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

Thus, the Court's first determination must be whether Harrison's motion constitutes a second or successive habeas petition or is a true Rule 60(b) motion. If the Court concludes that the motion is actually an unauthorized second or successive habeas petition, it must be dismissed for lack of subject matter jurisdiction or be transferred to the court of appeals for consideration as an application to file a second or successive petition. *Gonzalez*, 545 U.S. at 538. However, if the Court concludes that the motion is a true Rule 60(b) motion, the motion will be ruled upon without precertification by the Court of Appeals. *Id.* at 531-32; *see also Lesko v. Sec'y Pennsylvania Dep't of Corr.*, 34 F.4th 211, 222 (3d Cir. 2022) (citing 28 U.S.C. § 2244(b)(2), (b)(3)(A)).

Notwithstanding the "dismissal" language in § 2244(b), federal appellate courts have ruled that if the prisoner improperly files a second or successive petition without having first obtained authorization by the court of appeals, the district court has the <u>option</u> of transferring the petition to the court of appeals. The Court of Appeals for the Third Circuit permits, but does not mandate, transfer. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002), *cert. denied*, 540 U.S. 826 (2003).

## IV.   Discussion

Harrison's motion is exactly the sort of motion the Supreme Court has stated is in actuality a second or successive petition - the factual predicate of his claim attacks his underlying state court conviction by raising new grounds for relief. *Gonzalez*, 545 U.S. at 530-31; *Pridgen,* 380 F.3d at 727.  Accordingly, the Court holds that Harrison's motion should properly be treated as a second or successive petition and not as a Rule 60(b) motion.  As such, this Court lacks jurisdiction to consider it in the absence of prior authorization by the Court of Appeals for the Third Circuit.

The record is clear that Harrison has not obtained leave from the United States Court of Appeals for the Third Circuit to file a second or successive petition. Because Harrison has not obtained the required authorization, the instant motion constitutes an unauthorized second or successive petition.

## V.   Conclusion

As such, this Court has two options:  either dismiss Harrison's motion for want of jurisdiction or transfer the motion to the Court of Appeals for the Third Circuit.  *See Robinson*, 313 F.3d at 139.  In the interest of justice, the Court chooses the latter option.  Harrison's motion will be transferred to the Court of Appeals for

the Third Circuit for consideration as an application to file a successive petition as required under 28 U.S.C. § 2244(b)(3)(A).[5]

An appropriate Order follows.

Dated:  August 20,  2024               BY THE COURT:

                                                         s/Christopher B. Brown
                                                         Christopher B. Brown
                                                         United States Magistrate Judge

---

[5] This Opinion should not be read as a comment upon the merits of any claim that Harrison could raise in a second or successive habeas petition or whether such a petition would be subject to dismissal on other grounds.