IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

JI'HAAD AMORE HARRISON,              )
                                     )
                Petitioner,          )    Civil Action No. 2:22-cv-01453-CBB
                                     )
        vs.                          )    Christopher B. Brown
                                     )    United States Magistrate Judge
SUPERINTENDENT LONNIE J.             )
OLIVER, and DISTRICT ATTORNEY        )
OF MERCER COUNTY,                    )
                                     )
                Respondents.         )

**MEMORANDUM OPINION DENYING "MOTION FOR RELIEF FROM
JUDGMENT PURSUANT TO FED.R.CIV. RULE 60(b)(1), 60(b)(2), and
60(b)(6)" (ECF No. 61)**

Pending before the Court is Petitioner Ji'Haad Amore Harrison's second

Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure

60(b)(1), 60(b)(2), and 60(b)(6). ECF No. 61.  For the reasons that follow, the motion

will be transferred to the United States Court of Appeals for the Third Circuit for

consideration as an application to file a successive petition as required under 28

U.S.C. § 2244(b)(3)(A).

## I.    Background and Procedural History

The background and procedural history of this case, as well as the

background of Harrison's criminal proceedings, were described in detail in the

Court's Memorandum Opinion of August 20, 2024, denying Harrison's first motion

for relief pursuant to Rule 60(b). ECF No. 58.  The Court transferred that motion to

the United States Court of Appeals for the Third Circuit for consideration as an

application to file a successive petition as required under 28 U.S.C. § 2244(b)(3)(A).

*Id*. On November 11, 2024, the Court of Appeals denied Harrison's motion finding,

> he has not satisfied the requirements for obtaining
> authorization under § 2244 to file a new habeas petition,
> as he has not made a prima facie showing that any of his
> proposed claims relies on either "a new rule of
> constitutional law, made retroactive to cases on collateral
> review by the Supreme Court, that was previously
> unavailable," or newly discovered evidence that
> demonstrates his actual innocence.

United States Court of Appeals for the Third Circuit, C.A. No. 24-2572, Order,

11/15/2024. (Document No. 8).

On December 5, 2024, Harrison filed the instant motion. ECF No. 61.  It

appears he is moving to set aside the judgment dismissing his federal habeas

petition based on two new claims: (1) trial counsel failed to investigate the crime

scene and (2) the district attorney's office withheld exculpatory material.  *Id*. at 2-3.

## II.    The Pending Motion

As thoroughly explained in this Court's August 20, 2024, Memorandum

Opinion, ECF No. 58, because this is a federal habeas action, the Court must

initially determine whether Harrison's motion is actually an unauthorized second or

successive petition or whether it is a true Rule 60(b) motion.  In the habeas context,

a motion labeled as a Rule 60(b) motion should be treated as a second or successive

petition if it "seeks to add a new ground for relief" from the underlying conviction or

"attacks the federal court's previous resolution of a claim on the merits." *Gonzalez*

*v. Crosby*, 545 U.S. 524, 532 (2005).

Conversely, the motion should be properly treated as a Rule 60(b) motion when it "attacks, not the substance of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.*; *see Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) ("[I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits."). Harrison may not circumvent AEDPA's rules by couching an unauthorized second or successive habeas petition as a motion under Rule 60(b).

If the Court concludes that the motion is actually an unauthorized second or successive habeas petition, it must be dismissed for lack of subject matter jurisdiction or be transferred to the court of appeals for consideration as an application to file a second or successive petition. *Gonzalez*, 545 U.S. at 538. However, if the Court concludes that the motion is a true Rule 60(b) motion, the motion will be ruled upon without precertification by the Court of Appeals. *Id.* at 531-32; *see also Lesko v. Sec'y Pennsylvania Dep't of Corr.*, 34 F.4th 211, 222 (3d Cir. 2022) (citing 28 U.S.C. § 2244(b)(2), (b)(3)(A)).

Notwithstanding the "dismissal" language in § 2244(b), federal appellate courts have ruled that if the prisoner improperly files a second or successive petition without having first obtained authorization by the court of appeals, the district court has the <u>option</u> of transferring the petition to the court of appeals. The Court

of Appeals for the Third Circuit permits, but does not mandate, transfer. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002), *cert. denied*, 540 U.S. 826 (2003).

## III.  Discussion

Once again, Harrison's motion is exactly the sort of motion the Supreme Court has stated is in actuality a second or successive petition - the factual predicate of his claim attacks his underlying state court conviction by raising new grounds for relief. *Gonzalez*, 545 U.S. at 530-31; *Pridgen,* 380 F.3d at 727. Accordingly, the Court holds that Harrison's motion should properly be treated as a second or successive petition and not as a Rule 60(b) motion.  As such, this Court lacks jurisdiction to consider it in the absence of prior authorization by the Court of Appeals for the Third Circuit.

The record is clear that Harrison has not obtained leave from the United States Court of Appeals for the Third Circuit to file a second or successive petition. Because Harrison has not obtained the required authorization, the instant motion constitutes an unauthorized second or successive petition.

## IV.  Conclusion

As such, this Court has two options:  either dismiss Harrison's motion for want of jurisdiction or transfer the motion to the Court of Appeals for the Third Circuit. *See Robinson*, 313 F.3d at 139.  In the interest of justice, the Court chooses the latter option.  Harrison's motion will be transferred to the Court of Appeals for

the Third Circuit for consideration as an application to file a successive petition as required under 28 U.S.C. § 2244(b)(3)(A).[1]

      An appropriate Order follows.


Dated:  January 2, 2025          BY THE COURT:


                        s/Christopher B. Brown
                        Christopher B. Brown
                        United States Magistrate Judge


cc:    JI' HAAD AMORE HARRISON
       NA3893
       SCI Somerset
       1590 Walters Mill Road
       Somerset, PA 15510-0001
       (via U.S. First Class Mail)

       All Counsel of Record
       (via ECF electronic notification)

---

[1]    This Opinion should not be read as a comment upon the merits of any claim that Harrison could raise in a second or successive habeas petition or whether such a petition would be subject to dismissal on other grounds.